UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ashley Menchaca,

    Plaintiff,

v

Michigan Department of Corrections and State of Michigan,

    Defendants.

No. 2:18-cv-10874-TGB-EAS

HON. TERRENCE G. BERG

MAG. ELIZABETH A. STAFFORD

<u>ORAL ARGUMENT REQUESTED</u>

___

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
(248) 543-9000

___

Kyla L. Ragatzki (P81082)
Sarah R. Robbins (P81944)
Attorneys for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

___/

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants, Michigan Department of Corrections (MDOC) and the State of Michigan, through their attorneys, move under Federal Rule of Civil Procedure 12(b)(6) to partially dismiss Plaintiff's Complaint and state as follows:

1. Plaintiff Ashley Menchaca filed this lawsuit against MDOC and the State of Michigan. The complaint alleges four counts under Title VII of the Civil Rights Act: (1) race and/or gender discrimination; (2) sexual orientation discrimination; (3) hostile work environment; and (4) retaliation.

2. Defendants move to dismiss Count II of Plaintiff's Complaint.

3. Count II of Plaintiff's Complaint, sexual orientation, and any other count premised upon sexual orientation discrimination, fails to state a claim upon which relief can be granted. Title VII applies only to members of a protected class. *Smith v. City of Salem*, 378 F.3d 566, 570 (2004). The Sixth Circuit held that Title VII's protections do not extend to an individual's sexual orientation. Consequently, for purposes of Count II, Plaintiff is not a member of a protected class.

4.	On May 17, 2018, there was a conference between the attorneys in this matter in which the movant explained the nature of the motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendants MDOC and the State of Michigan respectfully request this Court to grant their Partial Motion to Dismiss Plaintiffs' Complaint, award Defendants attorneys' fees and costs, and grant such further relief that this Court deems just and equitable.

Respectfully submitted,

Bill Schuette
Attorney General


*/s/ Kyla L. Ragatzki*
Kyla L. Ragatzki
Assistant Attorney General
Attorneys for Defendants
State Operations Division
P.O. Box 30754
Lansing, MI 48823
(517) 373-1162
barrancok@michigan.gov
P81082

Dated:  May 18, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing to the parties.

A courtesy copy of the aforementioned document was placed in the mail directed to:

Honorable Terrence G. Berg
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd, Room 123
Detroit, MI 48226

                                         */s/ Kyla L. Ragatzki*
                                         Assistant Attorney General
                                         Attorney for Defendants
                                         State Operations Division
                                         P.O. Box 30754
                                         Lansing, MI 48823
                                         (517) 373-1162
                                         barrancok@michigan.gov
                                         P81082

2018-0216128-A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ASHLEY MENCHACA,

    Plaintiff,

v

MICHIGAN DEPARTMENT OF CORRECTIONS AND STATE OF MICHIGAN,

    Defendants.

No. 2:18-cv-10874-TGB-EAS

HON. TERRENCE G. BERG

MAG. ELIZABETH A. STAFFORRD

ORAL ARGUMENT REQUESTED

---

James B. Rasor (P43476)
Andrew J. Laurila (P78880)
Attorneys for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067
(248) 543-9000

---

Kyla L. Ragatzki (P81082)
Sarah R. Robbins (P81944)
Attorneys for Defendants
Michigan Department of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-1162

    /

**DEFENDANTS' BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

Page

Certificate of Service ................................................................................ 4

Table of Contents ....................................................................................... i

Concise Statement of Issues Presented .................................................... ii

Controlling or Most Appropriate Authority............................................ iii

Statement of Facts .................................................................................... 1

Argument................................................................................................... 3

I.    Sexual orientation is not a protected class under Title VII of the Civil Rights Act. ..................................................................... 3

Conclusion and Relief Requested............................................................. 7

Certificate of Service ................................................................................ 8

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Title VII's protections apply only to members of a protected class. In *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757 (2006), the Sixth Circuit held that Title VII's protections did not extend to an individual's sexual orientation. Has Plaintiff failed to state a claim for sexual orientation discrimination under Title VII?

2. Title VII prohibits an employer from discriminating against an individual on the basis of race, color, religion, sex, or national origin. In Plaintiff's complaint, she pleaded that the Michigan Department of Corrections was her employer. Should the State of Michigan be dismissed from this lawsuit?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

<u>*Authority*</u>:

42 U.S.C § 2000e-2

*Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757 (2006)

## STATEMENT OF FACTS

Plaintiff Ashley Menchaca began her employment with Defendant Michigan Department of Corrections (MDOC) on or around January 1, 2016. (Dkt. 1, Compl, ¶ 13.) While Plaintiff originally began as a corrections officer at Women's Huron Valley Correctional Facility, she was transferred to Woodland Center Correctional Facility in December 2016. (*Id.*, ¶¶ 13–14.) Plaintiff alleges that "[i]mmediately upon [her] arrival to her new shift she began experiencing adverse, harassing conduct from her individual supervisors," including Captain Melissa Godfrey, Sergeant Ahmet Ferizovic, Captain Paul Schrieber, and Sergeant Long. (*Id.*, ¶¶ 15, 17.) Plaintiff claims that this alleged harassment took place because she is Hispanic, homosexual, and a "nonconforming female."[1]

On April 7, 2017, Plaintiff reported the alleged "discrimination, retaliation, and harassment" to Deputy Warden Parrish. (*Id.*, ¶ 61.) A month and a half later, Plaintiff resigned her employment with MDOC due to the alleged "unbearable and hostile" working conditions. (*Id.*, ¶

---

[1] Plaintiff's complaint does not explain what makes her a nonconforming female.

1

71.)  She subsequently filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), which granted her a Right to Sue letter on December 19, 2017.  (*Id.*, ¶¶ 10–11.)

On March 16, 2018, Plaintiff filed a complaint against MDOC and the State of Michigan.  The complaint alleges four counts under Title VII of the Civil Right Act of 1964: (1) race and/or gender discrimination; (2) sexual orientation discrimination; (3) hostile work environment; and (4) retaliation.  She seeks compensatory, punitive, and exemplary damages as well as attorneys' fees.

# ARGUMENT

**I. Sexual orientation is not a protected class under Title VII of the Civil Rights Act.**

Title VII of the Civil Rights Act of 1964 prohibits an employer from "discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C § 2000e-2(a)(1). It also offers employees protection from a "workplace [ ] permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal citations and quotation marks omitted).

To demonstrate a prima facie case under Title VII, a plaintiff must show that he or she is a member of a protected class. *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004). Notably, the Sixth Circuit has held in no uncertain terms that "sexual orientation is not a prohibited basis for discriminatory acts under Title VII." *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 762 (2006); see also *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 579 (6th Cir. 2018) ("We held in *Vickers* that a plaintiff cannot pursue a claim for impermissible

3

sex stereotyping on the ground that his perceived sexual orientation fails to conform to gender norms . . . .).[2] Consequently, a plaintiff must demonstrate more than her non-heteronormative sexual orientation to establish that she is a member of a protected class for purposes of Title VII. *Vickers*, 453 F.3d at 762; *Smith v. City of Salem*, 378 F.3d 566, 575 (6th Cir. 2004) (holding that "[s]ex stereotyping based on a person's gender non-conforming behavior is impermissible discrimination"); *EEOC v. R.G. & G.R. Harris Funeral Homes, Inc.*, 884 F.3d 560, 572 (6th Cir. 2018) (holding that "non sex-stereotypical behavior . . . falls squarely within the ambit of sex-based discrimination").

For example, in *Vickers v. Fairfield Medical Center*, 453 F.3d 757, 764 (6th Cir. 2006), the plaintiff argued that "the unique nature of homosexuality entitles it to protection under Title VII sex discrimination law." But the Sixth Circuit disagreed and held that

---

[2] The majority of federal appeals courts—namely the 1st, 3rd, 4th, 5th, 8th, 9th, and 10th circuits—have held the same. *Higgins v. New Balance Athletic Shoe, Inc.*, 194 F.3d 252, 259 (1st Cir. 1999); *Bibby v. Philadelphia Coca Cola Bottling Co.*, 260 F.3d 257, 261 (3d Cir. 2001); *Wrightson v. Pizza Hut of America, Inc.*, 99 F.3d 138, 142 (4th Cir. 1996); *Brandon v. Sage Corp.*, 808 F.3d 266, 270 n. 2 (5th Cir. 2015); *Schmedding v. Tnemec Co., Inc.*, 187 F.3d 862, 864–865 (1999); *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1063 (2002); *Etsitty v. Utah Transit Auth.*, 502 F.3d 1215, 1222 (2007).

4

"sexual orientation is not a prohibited basis for discriminatory acts under Title VII." *Id.* at 762.

Like the plaintiff in *Vickers*, Plaintiff alleges in Count II of her complaint that MDOC discriminated against her because of her sexual orientation. (Dkt. 1, Compl, ¶ 98, 101–102.) Specifically, Plaintiff claims that:

> Because of her homosexuality, Plaintiff was subjected to treatment from Defendant MDOC that was disparate from that accorded to heterosexual employees of Defendant MDOC . . . [and] [h]ad Plaintiff not been homosexual, she would not have been subjected to the above-referenced discriminatory treatment. [*Id.*, ¶¶ 102, 105.]

Plaintiff also alleges that MDOC created a hostile work environment for Plaintiff because of her sexual orientation. (*Id.*, ¶¶ 123, 126.) However, like the plaintiff in *Vickers*, Plaintiff has not plead any facts in regard to Count II that support an "argument that h[er] appearance or mannerisms . . . were perceived as gender non-conforming . . . and provided the basis for the harassment [she] experienced." *Id.* at 763. Instead, she merely alleges that MDOC discriminated against her because she is a homosexual. (Dkt. 1, Compl, ¶¶ 101, 102, 104, 105.) Thus, Plaintiff's "claim does not fit within the prohibitions of the law"

5

and should be dismissed along with any other claims premised upon the alleged sexual orientation discrimination. *Vickers*, 453 F.3d at 765.

## CONCLUSION AND RELIEF REQUESTED

Defendants MDOC and the State of Michigan respectfully request that this Court grant its Motion to Dismiss Plaintiff's Complaint, award Defendants their attorneys' fees and costs, and grant such further relief that this Court deems just and equitable.

>Respectfully submitted,
>
>Bill Schuette
>Attorney General
>
>*/s/ Kyla L. Ragatzki*
>Kyla L. Ragatzki
>Assistant Attorney General
>Attorneys for Defendants
>State Operations Division
>P.O. Box 30754
>Lansing, MI 48823
>(517) 373-1162
>barrancok@michigan.gov
>P81082

Dated: May 18, 2018

7

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2018, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing to the parties.

A courtesy copy of the aforementioned document was placed in the mail directed to:

Honorable Terrence G. Berg
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd, Room 123
Detroit, MI 48226

>                       */s/ Kyla L. Ragatzki*
>                       Kyla L. Ragatzki
>                       Assistant Attorney General
>                       Attorney for Defendants
>                       State Operations Division
>                       P.O. Box 30754
>                       Lansing, MI 48823
>                       (517) 373-1162
>                       barrancok@michigan.gov
>                       P81082

2018-0216128-A